IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YODLEE, INC., | No. C 05-01550 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO AMEND FINAL INVALIDITY CONTENTIONS** |
| v. | |
| CASHEDGE, INC., | |
| Defendant. | |

Defendant CashEdge, Inc., has filed a motion for leave to amend its Final Invalidity Contentions. Hearing on the motion is currently scheduled for May 18, 2007. Having considered the papers filed by the parties, the Court determines that the motion is suitable for resolution without oral argument, and pursuant to Civil Local Rule 7-1(b), hereby VACATES the May 18, 2007 hearing. For the following reasons, the Court GRANTS defendant's motion.

**BACKGROUND**

Plaintiff Yodlee, Inc., brought suit against defendant CashEdge, Inc., alleging infringement of six patents; CashEdge subsequently brought its own complaint for declaratory judgment of non-infringement and invalidity, adding three additional Yodlee patents to the suit. Broadly speaking, the nine patents now at issue deal with systems and methods to deliver personal information culled from multiple Internet sources to one central web site. For example, the technologies at issue allow for an end user to monitor information from several types of accounts held with different financial institutions on one website, without having to individually log into and navigate through each individual website associated with each financial institution with which the user has an account.

On July 7, 2006, the Court issued a claim construction order. On February 12, 2007, CashEdge filed its Final Invalidity Contentions. On March 13, 2007, CashEdge changed counsel. According to CashEdge, on March 30, 2007, its new counsel discovered significant new prior art that it did not include in its Final Invalidity Contentions. Specifically, CashEdge discovered a website, www.mileagemanger.com, which allegedly used the technology at issue here as early as 1997. After conducting further investigation, on April 23, 2007, CashEdge informed Yodlee of its intention to amend its invalidity contentions to include the new prior art. CashEdge then filed the instant motion for leave to amend its Final Invalidity Contentions. The current fact discovery cutoff is July 13, 2007.

**LEGAL STANDARD**

The Patent Local Rules provide, in pertinent part: "Amendment or modification of the . . . Final Invalidity Contentions, . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." Patent L.R. 3-7.

"Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Electronics Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) (quoting case). Thus, the rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro International Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006) (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

**DISCUSSION**

The Court finds that good cause to amend exists here for four reasons. First, it appears that the newly discovered prior art may be highly material to the merits of this case. According to CashEdge, the newly discovered prior art is more material than "any one of the dozens of prior art references discussed in CashEdge's Final Invalidity Contentions." Mot. at 4:11-12. The Patent Local Rules supplement the Civil Local Rules and the Federal Rules of Civil Procedure, which "are to be construed 'to secure the just, speedy, and inexpensive determination of every action.'" *Foman v. Davis*, 371 U.S.

1 178, 182 (1962) (quoting Fed. R. Civ. P. 1).  If the new prior art is as material as CashEdge says it is,
2 it would be unjust for information so highly material to "the merits to be avoided on the basis of such
3 mere technicalities."  *Id.* at 181; *see also O2 Micro*, 467 F.3d at 1366 (it is "certainly correct that
4 refusing to allow any amendment to contentions based on new information developed in discovery could
5 be contrary to the spirit of the Federal Rules.").

6       Second, though the patent local rules reflect a more conservative approach to amendment than
7 the liberal policy for amending pleadings, the rationale for that conservative approach is not threatened
8 in this case.  The Patent Local Rules were designed to prevent the parties from shifting their theories
9 in reaction to adverse substantive rulings, *see LG Electronics*, 211 F.R.D. at 367 ("'shifting sands'
10 approach to claim construction"), or late in discovery, leaving the opposing party with little time to
11 conduct discovery on a new theory, *see O2 Micro*, 467 F.3d at 1365 ("discovery is designed to allow
12 the defendant to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the
13 defendant's theories of defense, thus confining discovery and trial preparation to information that is
14 pertinent to the theories of the case.").  In this case, however, CashEdge's request to amend does not
15 appear to be motivated by gamesmanship.  The Court issued no substantive ruling between the time
16 CashEdge filed its Final Invalidity Contentions and the time it filed its motion.  The Court issued its
17 claim construction order long before CashEdge filed its final contentions.  The policy behind the Patent
18 Local Rules of "preventing the 'shifting sands' approach to claim construction" is therefore not at risk
19 here.  Furthermore, as discussed below, there is still ample time left in the discovery period, so the
20 Patent Local Rules' concern with parties sandbagging opponents late in the discovery period is also not
21 at issue.

22       Third, because of the nature of internet-based technology, the Court is more sympathetic towards
23 difficulties in identifying prior art than it would be in cases dealing with more traditional technology.
24 As CashEdge points out, there are no comprehensive sources for locating web-based prior art.  In many
25 fields, scholarly articles provide an easily searchable source for identifying prior art.  In other fields,
26 published patent records provide the principal means for identifying prior art.  In the new and rapidly
27 innovating field of internet technology, neither of these sources provide much help.  These
28 circumstances do not fully excuse CashEdge's failure to identify this prior art sooner.  However, its

3

failure to do so is more understandable than it would be in a technological field where prior art is more easily identified.

Fourth, and most importantly, Yodlee will not be substantially prejudiced by the proposed amendment. Yodlee has not filed any substantive motion that will be impacted or rendered moot by CashEdge's amendment, and there is ample time left in which to conduct discovery. CashEdge notified Yodlee of the new prior art more than two months before the fact discovery cutoff. Nonetheless, should Yodlee require more time to conduct discovery related to the newly discovered prior art, the Court will consider a request by Yodlee for an appropriate extension of the discovery cutoff to do so.

Yodlee cites two cases in opposition. Both are distinguishable. In *O2 Micro International Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355 (Fed. Cir. 2006), the circuit court upheld the district court's denial of leave to amend contentions. The moving party in *O2* sought to amend its contentions to add a new theory "over three months after the . . . deposition that had provided the basis for the [new] theory." *Id.* at 1361. The Federal Court therefore agreed with the district court that the moving party had not shown good cause because it had not been diligent in seeking amendment once it discovered the basis for amendment. *Id.* at 1366 ("If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation."). Here, CashEdge was diligent in seeking amendment once it discovered the basis for the amendment. *O2* is thus of little help here. The Federal Circuit did not address the issues facing the Court on this motion: whether the party was diligent in discovering the basis for amendment, and whether lack of such diligence precludes a finding of good cause.

The other case cited by Yodlee, *Rackable Systems, Inc. v. Super Micro Computer, Inc.*, 2007 U.S. Dist. LEXIS 8486, at *4 (N.D. Cal. Jan. 18, 2007), is also unhelpful because there is no indication that of the factual context is comparable. With respect to the motion to amend invalidity contentions, it merely states:

> For the reasons stated on the record, the court finds that this motion presents a close call. However, upon considering [moving party]'s strategic decision not to commission certain searches for prior art until later in the case and the resulting prejudice to [the non-moving party] given the impending deadlines in this case, the court DENIES [the moving party]'s motion.

4

*Id.* at *4. Here, there does not appear to have been a "strategic decision" to engage in "certain searches." Furthermore, as discussed above, Yodlee does not face substantial prejudice. *Rackable Systems* is therefore of no help to Yodlee.

## CONCLUSION

For the foregoing reasons, the Court GRANTS CashEdge's motion for leave to amend its Final Invalidity Contentions. CashEdge shall file its amended contentions on or before May 25, 2007.

**IT IS SO ORDERED.**

Dated: May 17, 2007

SUSAN ILLSTON
United States District Judge

5