IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YODLEE, INC., | No. C 05-01550 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CASHEDGE, INC., | |
| Defendant. | |

On July 6, 2007, the Court heard argument on plaintiff Yodlee's motion for summary judgment. Having considered the arguments of counsel and the papers submitted, the Court DENIES plaintiff's motion for the reasons set forth below.[1]

**BACKGROUND**

Plaintiff Yodlee, Inc. brought suit against defendant CashEdge, Inc., alleging infringement of six patents; CashEdge subsequently brought its own complaint for declaratory judgment of non-infringement and invalidity, adding three additional Yodlee patents to the suit. Broadly speaking, the nine patents now at issue deal with systems and methods to deliver personal information culled from multiple Internet sources to one central website. For example, the technologies at issue allow for an end user to monitor information from several types of accounts held with different financial institutions on one website, without having to log into and navigate through each individual website associated with

---

[1] The Court further DENIES as moot defendant CashEdge's motion to strike evidence submitted by Yodlee in conjunction with its reply brief. [Docket No. 188]. Even fully crediting the contested evidence, Yodlee has not met its burden at the summary judgment stage.

each financial institution with which the user has an account.

On July 7, 2006, the Court issued a claims construction order. On February 12, 2007, CashEdge filed its Final Invalidity Contentions. However, after changing counsel on March 13, 2007, CashEdge filed a motion for leave to amend its Final Invalidity Contentions. The Court granted CashEdge's motion on May 17, 2007. In the meantime, Yodlee filed this motion for summary judgment on one of the nine patents at issue: U.S. Patent No. 6,199,077 ("Patent '077"). Yodlee accuses three families of CashEdge products as infringing Patent '077: AggregateNow, AllData and the funds transfer products.

## LEGAL STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the non-moving party. *See T.W. Elec.*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. *See* Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

Summary judgment can be used to determine infringement, non-infringement, *Avia Group Intern., Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1560 (Fed. Cir. 1988), and invalidity for

failure to satisfy the written description requirement. *Reiffin v. Microsoft Corp.*, 1998 WL 397915 (N.D. Cal. Jul. 10, 1998). The moving party bears the burden of proving infringement or non-infringement by a preponderance of the evidence. *Mannesmann Demag Corp. v. Engineered Metal Products, Inc.*, 793 F.2d 1279, 1282 (Fed Cir. 1986). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

To establish infringement every limitation in a claim as construed by the Court must be in the accused product, either exactly or by substantial equivalent. *Carroll Touch, Inc., v. Electro Mechanical Systems*, 15 F.3d 1573, 1576 (Fed. Cir. 1993). A claim is literally infringed if the accused product is exactly the same as each element of the asserted claim. *Hi-Life Products, Inc. v. American National Water-Mattress Corp.*, 842 F.2d 323, 325 (Fed. Cir. 1986). Even if a product does not literally infringe it may infringe under the doctrine of equivalents. *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 21 (1997). Doctrine of equivalents infringement is found where the accused product does not literally correspond to the asserted claim but does function in the same way and obtain the same result as the asserted claim. *Graver Tank & Manufacturing Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950).

"A determination of infringement requires a two-step analysis." *Terlep v. Brinkmann Corp.*, 419 F.3d 1379, 1381 (Fed. Cir. 2005). First, the claim must be construed; second, the claim must be compared to the "accused device or process." *Id.* (citing *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed.Cir.1993)). While claim construction is an issue of law, infringement is a question of fact. *Id.* (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir.1995)).

**DISCUSSION**

**I.      Claim 1 of Patent '077**

Yodlee argues that AggregateNow, AllData, and the funds transfer products literally contain each and every limitation of independent apparatus Claim 1 of Patent '077, and thereby directly infringe.

3

Alternatively, Yodlee argues that CashEdge indirectly infringes Claim 1 by partnering with financial institutions to create products that directly infringe.

### A. Direct Infringement

Yodlee contends that the accused CashEdge products directly infringe upon Claim 1 of Patent '077 in violation of 35 U.S.C. § 271(a). Yodlee argues that the products comprise each of the elements of Claim 1, which are: "An Internet Portal, comprising:" 1) an "Internet connected server," 2) "a list of addresses," 3) "a software suite executing on the server," and 4) "wherein the Portal accomplishes a gathering cycle."[2]

Yodlee alleges direct infringement under a theory of "divided infringement," contending that together, CashEdge and its partner financial institutions infringe the elements of Claim 1. Yodlee argues that CashEdge's partners provide Internet Portals, and that "a party cannot avoid infringement by simply contracting with another party to jointly build an infringing system." Motion at 14 (citing *On Demand Mach. Corp. v. Ingram Indus.*, 442 F.3d 1331, 1344 (Fed. Cir. 2006)). The Court finds, however, that the Federal Circuit has yet to provide clear guidance on the theory of divided infringement. Moreover, there is debate over the degree of control that one party must exert over another in order for such a theory to prevail. *See Cross Medical Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311 (Fed. Cir. 2005) (finding that where surgeons where not "agents" of the defendant surgical implant manufacturer, there was no divided infringement of an apparatus claim). Finally, the Court finds that even if it were to accept a theory of divided infringement in the instant matter, there are genuine issues of material fact sufficient to defeat Yodlee's motion for summary judgment.

For example, there is a genuine issue as to the second element of Claim 1, whether, the accused

---

[2] Claim 1 of Patent '077 recites:

An Internet Portal, comprising: an Internet-connected server; a list of addresses of Internet sites associated with a specific person, which sites store information specific to the person; and a software suite executing on the server, the software suite including a set of gathering spitware [software] agents, with at least one gatherer agent dedicated to each of the Internet sites; wherein the Portal accomplishes a gathering cycle by accessing individual ones of the Internet sites, authenticating too [to] each site accessed as the person, and the gathering agent dedicated to each site accessed extracts data from that site.

4

1 products include a list of addresses "associated with a specific person." Yodlee contends that the
2 CashEdge products contain a logic that derives Internet addresses of various financial institutions from
3 a master list of addresses. This, Yodlee argues, constitutes a list of addresses associated with a specific
4 person. CashEdge, in contrast, presents evidence that its products contain a list of Internet destinations,
5 but not specific Internet addresses. *See* Madnick Decl. ¶¶ 51-53.

6 For the foregoing reasons, the Court DENIES Yodlee's motion for summary judgment on the
7 issue of direct infringement of Claim 1.[3]

### B.     Indirect Infringement

10 In addition to contending that the CashEdge products directly infringe Claim 1 of Patent '077,
11 Yodlee further argues that at the very least, the products indirectly infringe Claim 1 of Patent '077 in
12 violation of 35 U.S.C. § 271(c).

13 Under 35 U.S.C. § 271(c), a party is liable for contributory (indirect) infringement if the party
14 "offers to sell or sells . . . a component of a patented . . . material or apparatus . . . for use in practicing
15 a patented process, constituting a material part of the invention". There can be no contributory
16 infringement in the absence of direct infringement. *Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S.
17 518, 526 (1972). Moreover, there must also be a showing that the alleged contributory infringer had
18 knowledge. 35 U.S.C. § 271(c). Lastly, a device cannot have any substantial noninfringing uses in
19 order for its distribution to constitute contributory infringement. *Sony Corp. of America v. Universal*
20 *City Studios, Inc.*, 464 U.S. 417, 441 (1984).

21 Yodlee argues that there is evidence that CashEdge has entered into partnerships to create
22 infringing systems and that those systems directly infringe. Furthermore, Yodlee asserts that CashEdge
23 has produced no evidence of "substantial" non-infringing uses.

24 The Court declines to rule as a matter of law that the CashEdge products indirectly infringe
25 Claim 1 of Patent '077 under 35 U.S.C. § 271(c). Indirect infringement requires a finding of direct

---

[3] The issue of infringement by CashEdge's Dashboard product appears to be moot. Although mentioned in their papers, neither party discussed this product at the hearing even when prompted by the Court. Furthermore, Yodlee has not presented sufficient evidence that Dashboard infringes Patent '077.

5

infringement. As discussed above, at this stage, Yodlee has not established direct infringement. Furthermore, the Court finds that CashEdge has raised a triable issue as to whether the products have substantial non-infringing uses. *See* Madnick Decl. ¶¶ 68-69; Cooper Decl. ¶¶ 41-42. Consequently, the Court DENIES Yodlee's motion for summary judgment of contributory infringement of Claim 1.

## II.     Claims 2-6 of Patent '077

Because Yodlee is not entitled to summary judgment on Claim 1, the Court finds that it is not entitled to summary judgment on dependant Claims 2-6. Accordingly, the Court DENIES Yodlee's motion for summary judgment of infringement of Claims 2-6.

## III.    Claims 7-12 of Patent '077

Yodlee contends that the accused CashEdge products also directly infringe method Claims 7-12 of Patent '077.

### A.      Claim 7

Yodlee argues that all of the accused CashEdge products infringe Claim 7 of Patent '077, which includes the same elements as Claim 1, except that Claim 1 is an apparatus claim whereas Claim 7 is a method claim. Claim 7 recites:

> In an Internet Portal system, a method for gathering data specific to a person from a plurality of Internet sites storing data specific to that person, the method comprising the steps of: (a) initiating a gathering cycle accessing individual ones of the plurality of sites; (b) authenticating to the sites as the person; and (c) executing a software gathering agent at each site accessed to gather data from the site, the gathering agent dedicated to each site accessed.

The Court finds that there is a genuine issue of material fact as to whether the CashEdge gathering agents execute "at" the accessed sites, as required by element (c). Furthermore, the Court finds that Yodlee has not met its burden of establishing that CashEdge has actually performed the claimed method. Consequently, the Court declines to rule as a matter of law that the accused CashEdge products infringe Claim 7 of Patent '077, and DENIES Yodlee's motion for summary judgment on this issue.

**B.     Claims 8-12**

Because Yodlee is not entitled to summary judgment on Claim 7, it is not entitled to summary judgment on dependant Claims 8-12.  Therefore, the Court DENIES Yodlee's motion for summary judgment of infringement of Claims 8-12.

### CONCLUSION

For the foregoing reasons, the Court DENIES Yodlee's motion for summary judgment. [Docket No. 125]

**IT IS SO ORDERED.**

Dated: August 1, 2007

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California